

Erik G. Babcock, Law Office of Erick G. Babcock, Oakland, CA, for Petitioner–Appellant.

Timothy P. Busch, pro se.

Sara Romano, AGCA–Office of the California Attorney General, San Francisco, CA, for Respondents–Appellees.

Before: GOODWIN, WALLACE and McKEOWN, Circuit Judges.

## MEMORANDUM **

Busch contends that the Board's 2005 decision to deny him parole was not supported by "some evidence" and therefore violated his due process rights. The only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly. *Swarthout v. Cooke,* — U.S. ——, ——, 131 S.Ct. 859, 863, 178 L.Ed.2d 732 (2011); *Roberts v. Hartley,* 640 F.3d 1042, 1045–47 (9th Cir.2011) (applying *Cooke* ). Because Busch raises no procedural challenges, we affirm.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**Dennis GARBUTT, Petitioner—Appellant,**

v.

**Thomas L. CAREY, Warden; et al., Respondents—Appellees.**

No. 08–17545.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2011.*

Filed Dec. 21, 2011.

Dennis Garbutt, Vacaville, CA, pro se.

Heather M. Heckler, Esquire, Deputy Assistant Attorney General, AGCA–Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: GOODWIN, WALLACE and McKEOWN, Circuit Judges.

## MEMORANDUM **

California state prisoner Dennis Garbutt appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Garbutt contends that the Board's 2004 decision to deny him parole was not sup-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ported by "some evidence" and therefore violated his due process rights. The only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly. *Swarthout v. Cooke,* —— U.S. ——, ——, 131 S.Ct. 859, 863, 178 L.Ed.2d 732 (2011); *Roberts v. Hartley,* 640 F.3d 1042, 1045–47 (9th Cir.2011) (applying *Cooke* ). Because Garbutt raises no procedural challenges, we affirm.

We decline to expand the certificate of appealability to include Garbutt's uncertified claim that he was deprived of the benefits of his plea agreement as a result of the Board's decision finding him unsuitable for parole. *See* 28 U.S.C. § 2253(c)(2); 9th Cir. R. 22–1(e).

**AFFIRMED.**

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.